1

Stuart R. Simone (State Bar No. 269830)
GOMEZ & SIMONE

2

3055 Wilshire Blvd., Suite 1200
Los Angeles, CA 90010

3

Tel:  855-219-3333
Fax: 818-574-6730

4

5

Miles L. Kavaller, Esq. (State Bar No. 73950)
MILES L. KAVALLER, A PROF. LAW CORP.

6

6355 Topanga Canyon Blvd, Suite 518
Woodland Hills, California 91367
Tel.: 818-992-4243

7

Fax: 818-436-5981

8

Ronald Horowitz, Esq.
PO Box 353707

9

Palm Coast, FL  32137
Tel.: (386) 283-4886

10

Fax: (386) 597-1229
(Pro Hac Vice)

11

Attorneys for Defendant

12

Alliance Shippers, Inc.

13

**UNITED STATES BANKRUPTCY COURT**

14

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

15

**LOS ANGELES DIVISION**

16

17

In re KAREN ANN PELLE

18

19

Debtor.

20

KAREN ANN PELLE, an individual,

21

Plaintiff,

22

23

vs.

24

ALLIANCE SHIPPERS, INC.

25

Defendant

Case No.: 2:14-BK-25552 BR

Adversary Proceeding No.: 2:16-ap-01237BR

Chapter 7

OPPOSITION OF DEFENDANT ALLIANCE
SHIPPERS, INC. TO PELLE MOTION FOR
SUMMARY JUDGMENT

Date: 12/13/16
Time: 2:00 P.M.
Place: C/R 1660, Roybal Bldg.

26

27

1

28

Defendant Alliance Shippers, Inc. ("ASI") submits the following Opposition to the Motion of Plaintiff, Karen Pelle for Summary Judgment. It is based on this memorandum, the declaration of Ronald Horowitz, counsel for Alliance Shippers, Inc., admitted Pro Hac Vice, and the Statement of Disputed Facts and Additional Facts.

## 1. **Introduction.**

There are two issues in this case as follows:

A. Did Defendant ASI violate the automatic stay and discharge injunction when, in a lawsuit filed pre-petition against Megatrux Transportation, Inc. and Karen Pelle, individually and as agent for Megatrux Transportation, Inc., it undertook post-judgment statutory procedures under New Jersey law to obtain information from the plaintiff/debtor to satisfy of a default judgment against defendant Megatrux Transportation, Inc., only, where at the time of filing the pre-petition lawsuit, it could not have fairly contemplated any future proceedings against the plaintiff/debtor?

B. Is the plaintiff/debtor discharged from post-petition compliance with New Jersey Superior Court Orders requiring provision of information pursuant to an information subpoena?

ASI submits that the answer to both questions is, as a matter of law: No.

## 2. **Facts.**

The facts are fully set forth in the Horowitz and Pelle declarations and the Pelle

---

OPPOSITION OF DEFENDANT ALLIANCE SHIPPERS, INC. TO PELLE MOTION FOR SUMMARY JUDGMENT

deposition. Summarizing, the most relevant facts are as follows:

ASI, a New Jersey based interstate transportation company, entered into a May 2011 a contract with Megatrux Transportation, Inc. ("MTI"), a trucking firm, to haul good for ASI's customers. The contract prohibits what is referred to in the industry as "double brokering". In 2013, although MTI agreed to transport ASI's customer's shipments and in fact invoiced ASI for its services, MTI instead hired other unknown trucking firms to do the work and did not pay them. As a result, ASI's customer was sued by those trucking firms for freight charges and ASI wound up settling that litigation thereby paying both MTI and other motor carriers for the same trucking services. Horowitz decl. ¶¶1-2, Exhibit A.

According to Pelle, after December 2012, she ceased to have any operational role in running any of MTI. However, she concedes, that "[s]*he may have nominally remained listed as the president of one or more entities*, but this is unclear." Pelle decl. ¶2.

According to the Complaint ¶7, MTI ceased its trucking business in March 15, 2014. Pelle filed a Chapter 7 Petition on August 14, 2104. She did not list ASI as a creditor.

ASI filed a complaint on July 15, 2014 and sued MTI and Pelle in New Jersey state court. Both MTI and Pelle defaulted but judgment for $14,688.42 was entered against MTI only on August 11, 2015. Horowitz decl., ¶3, Exhibit B. ASI thereafter sought to obtain information from MTI in order to satisfy its default judgment. On July 5, 2015, Horowitz served Pelle with an "information subpoena" seeking information about MTI. She did not answer. Horowitz decl., ¶4, Exhibits C, D; Pelle depo.: 72:15-78:5 Nor did she comply with the September 4, 2015 or November 20, 2015 New Jersey Superior Court Orders to MTI enforcing the information

OPPOSITION OF DEFENDANT ALLIANCE SHIPPERS, INC. TO PELLE MOTION FOR SUMMARY JUDGMENT

subpoena and finding her in contempt. Pelle has since refused, as late as November 7, 2016

during her deposition, to answer or supply the information requested. Horowitz decl., ¶4, Exhibit

E. Pelle depo: 79:1-82:5.

Frustrated in its attempt to obtain information from MTI, ASI undertook a more potent

post-judgment tool available to New Jersey judgment creditors. Pelle was served with, and has

acknowledged receipt of, a "Notice of Demand" from ASI's counsel in mid-December 2015.

Pelle decl., ¶8.

The statutes authorizing this procedure are found in the following provisions:

N.J.S.A. 2A:17-74 provides as follows:

> "Every agent or person having charge or control of any property of a corporation
>
> shall, upon request therefor by any officer having for service a writ of execution
>
> against it, furnish to such officer the names of the directors and officers of the
>
> corporation, and a schedule of all its property, including debts due or to become
>
> due to it so far as he has knowledge thereof.
>
> **<u>Any such agent or person who shall neglect or refuse to comply with the</u>**
>
> **<u>provisions of this section shall himself be liable to pay to the execution</u>**
>
> **<u>creditor the amount due on the execution, with costs</u>**." Emphasis added.

New Jersey Statutes Annotated 2A:17-75 provides as follows:

> "If any officer, holding an execution against a corporation, shall be unable to find
>
> other property belonging to the corporation liable to execution, either he or the
>
> judgment creditor may elect to satisfy such execution, in whole or in part, by any

---

4

OPPOSITION OF DEFENDANT ALLIANCE SHIPPERS, INC. TO PELLE MOTION FOR SUMMARY JUDGMENT

debts due to the corporation, in which case the agent or person having custody of any evidences of such debts shall deliver the same to the officer holding the execution, for the use of the creditor. Such a delivery, with a transfer in writing to the officer, for the use of the creditor, and notice to the debtor, shall be a valid assignment thereof.

**Any such agent or person who neglects or refuses to comply with the provisions of this section shall himself be liable to pay to the execution creditor the amount due upon the execution with costs.**" Emphasis added. Pelle did not respond to the Notice of Demand. ASI filed a complaint against her personally in New Jersey Superior Court, Middlesex County on January 16, 2016 which Pelle has acknowledged receiving. Pelle decl., ¶¶9,10.

It was not until a letter from Pelle's counsel Stuart Wald dated March 29, 2016 that ASI and Horowitz were informed, for the first time, that Pelle had filed for bankruptcy in August of 2014 and had received a discharge on February 25, 2016. Complaint, Exhibit 4.

ASI has since refused to discontinue its post-judgment enforcement activities to satisfy the New Jersey judgment against MTI and now threatened against Pelle individually for her failure to comply with the Notice of Demand. ASI contends that Pelle's personal liability under the Notice of Demand procedure was not subject to the automatic stay or discharged because it arose post-petition and was not fairly contemplated by ASI when it first filed suit in July 2014. ASI also submits that Pelle's discharge does not operate to exonerate her from compliance with the Orders of the New Jersey Superior Court.

OPPOSITION OF DEFENDANT ALLIANCE SHIPPERS, INC. TO PELLE MOTION FOR SUMMARY JUDGMENT

### 3.   The Claim Against Pelle Is Post-Petition and Neither Barred by the Automatic Stay or the Discharge Injunction.

The analysis starts with the definitions of "claim" and "creditor" in 11 U.S.C. 101(5) and (10). The term "claim" means--

"(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B)  right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, secured, or unsecured."

The term "creditor" means—

"(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

(B)  entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title [11 USCS § 348(d), 502(f), 502(g), 502(h) or 502(i)]; or

(C)  entity that has a community claim."

Under NJSA 2A: 17-74 and NJSA 2A: 17-75, Pelle's liability did not arise until after her post-petition failure to respond to the NOD. Accordingly, ASI was not a creditor and had no substantive claim, not even a contingent claim, against Pelle until she violated the NOD statute.

OPPOSITION OF DEFENDANT ALLIANCE SHIPPERS, INC. TO PELLE MOTION FOR SUMMARY JUDGMENT

The Ninth Circuit has never addressed this issue. And while it has on several occasions employed the "fair contemplation" test in determining when a clam arises, s*ee, e.g., In re SNTL Corp.*, 571 F.3d 826, 839 (9th Cir. 2009); *In re Zilog,* 450 F.3d 996, 1000 (9th Cir. 2006); *In re Jensen,* 995 F.2d at 925, 1000 (9th Cir. 1993); *In re Cool Fuel, Inc.*, 210 F.3d 999, 1007 (9th Cir. 2000) that test has not been applied in this context. This test holds that a claim arises when the claimant "can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet accrued under non-bankruptcy law." *In re SNTL Corp.,* 571 F.3d at 839 (citing *In re Cool Fuel, Inc.,* 210 F.3d 999, 1007 (9th Cir. 2000)). The Ninth Circuit's most recent decision is *Camelback Constr. v. Castellino Villas, A.K.F. LLC (In re Castellino Villas, A.K.F. LLC)*, 836 F.3d 1028 (9th Cir. 2016)(attorney's fees claim not discharged because the debtor undertook a new course of litigation in which debtor "… return[ed] to the fray".)

Analysis of these decisions reveals that the fair contemplation test is used to determine the scope of the term "contingent" used in 11 U.S.C. §§105(5) and 502 in the context of both allowable claims (e.g. *In re SNTL Corp* [attorney's fees]) and the scope of the discharge of a pre-petition debt (e.g. *In re Jensen* [pre-petition liability for CERCLA clean-up costs-- discharged]). The *In re Jensen* line of cases are the best source of guidance.

*In re Jensen* concerned the appeal by California State Department of Health Services ("DHS") of the judgment of the United States Bankruptcy Appellate Panel of the Ninth Circuit which found that the claim against the debtors for cleanup of hazardous waste at their former business property was discharged in the debtors' bankruptcy. According to the Overview,

OPPOSITION OF DEFENDANT ALLIANCE SHIPPERS, INC. TO PELLE MOTION FOR SUMMARY JUDGMENT

Jensen owned a closely-held corporation that filed a voluntary Chapter 11 bankruptcy petition. A State Water Board inspector found toxic fungicide at the site of a former business and requested action by debtors. Debtors' attorney advised the Board of the corporation's bankruptcy. The debtors filed a personal bankruptcy petition and the corporation's case was converted to a Chapter 7 proceeding. The Board brought in DHS in to assist in removing the hazardous waste. Debtors' bankruptcy case was closed and no assets were distributed to creditors. The corporation's case was closed and DHS allocated a portion of the cleanup cost to debtors. Debtors' case was reopened to list appellant as creditor. Debtors were discharged from pro rata share of the cleanup cost; the decision that DHS' claim was not subject to discharge was reversed. DHS appealed. The court affirmed, finding the claim was discharged and the Board's knowledge was imputed to appellant. The State had sufficient knowledge of potential liability to give rise to a contingent claim for cleanup costs before debtors filed their personal bankruptcy petition.

When ASI filed suit in July 2014, while it may have contemplated post-judgment discovery from Pelle as an officer and shareholder of MTI, according to Horowitz, he did not contemplate that Pelle would not respond not only to the information subpoena but also to the more potent NOD. [1] And, had she done so there would be no basis for further proceedings. She

---

[1] In ¶10 of his declaration, attorney Horowitz has testified as follows:
"I can emphatically say that while the Notice of Demand procedure is part of New Jersey law, at the time suit was filed in July 2014, ASI did not contemplate that it would be proceeding against the person to whom such a notice could possibly be sent and who would not respond and continue to refuse to respond."

OPPOSITION OF DEFENDANT ALLIANCE SHIPPERS, INC. TO PELLE MOTION FOR SUMMARY JUDGMENT

would have satisfied the requirements of N.J.S.A. 2A: 17-74 and N.J.S.A. 2A: 17-75. End of case. But she did not respond.

The *Jensen* case focused on the pre-petition contacts the State Water Board had with Jensen requiring that the hazardous waste be abated. This formed the basis for the "fairly contemplate" concept. Unlike *Jensen*, however, the NOD procedure here, while known at the outset of any civil case, is far more remote from the pre-petition notice of liability in *Jensen*.

ASI did not undertake the NOD procedure without first resorting to the information subpoena which does not contain any imposition of liability for the debt if there is no response. Indeed, ASI obtained not one but two Court orders requiring compliance. Pelle had not one, not two, but three bites of the apple and even then there was no liability. Her fourth bite came post-petition on December 9, 2015 when she was served with the NOD. Here too there is no liability unless there is no response. This post-petition event, ASI submits, is comparable to the pre-petition notice in *Jensen* and serves as a significant distinguishing factor justifying a different result. "Contingent" is an elastic concept, but it must have a limit. The NOD procedure undertaken here by ASI was not contingent; it was not fairly contemplated at the time of suit in July 2014.

It is therefore Pelle's failure to respond to the NOD that creates the liability. If current Ninth Circuit law is applied, the cause of action accrued post-petition and ASI had not "fairly or reasonably contemplate[d] the claim's existence even if a cause of action ha[d] not yet accrued under non-bankruptcy law." *In re SNTL Corp., supra.*

OPPOSITION OF DEFENDANT ALLIANCE SHIPPERS, INC. TO PELLE MOTION FOR SUMMARY JUDGMENT

**4.   The Discharge Did Not Relieve Pelle of Compliance with the New Jersey Court Orders.**

It is undisputed that Pelle did not respond to the New Jersey Superior Court Orders issued on September 4 and November 20, 2015 requiring compliance with the information subpoena directed at MTI. ¶6, ASI Statement of Genuine Disputes, etc. Clearly, Pelle's discharge did not excuse her from complying with these Court Orders. 11 U.S.C. 524.

**5.   Conclusion.**

The post-judgment Notice of Demand procedure under New Jersey law undertaken by ASI to acquire information about MTI did not violate either the automatic stay or the discharge injunction. Pelle's non-compliance, however, triggered the personal liability the New Jersey statutes impose. That however occurred post-petition.

Pelle's failure to respond to the New Jersey Superior Court Orders requiring compliance with information subpoena and to provide data about MTI was not protected by her discharge.


Dated: November 23, 2016

GOMEZ & SIMONE
MILES L. KAVALLER, A PROF. LAW CORP.
RONALD HOROWITZ, ESQ.


By: _____

Miles L. Kavaller, Esq
Attorney for Defendant
Alliance Shippers, Inc.

OPPOSITION OF DEFENDANT ALLIANCE SHIPPERS, INC. TO PELLE MOTION FOR SUMMARY JUDGMENT

PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within entitled action; my business address is 3055 Wilshire Blvd., Suite 1200, Los Angeles, CA 90010.

On November 23, 2016 I served the foregoing document(s) described as: ASI Opposition to Pelle MSJ; Horowitz and Kavaller declarations and Exhibits and ASI Statement of Genuine Disputes, etc on the interested parties in this action as follows:

Stuart Wald, Esq.

36154 Coffee Place

Murietta, CA 92562

x BY ELECTRONIC FILING under the Rules of the U.S. Bankruptcy Court for the Central District of California

☐    BY PERSONAL DELIVERY.  I caused such envelope(s) to be delivered by hand to the offices of the addressee.

☐    BY MAIL.  I caused such envelope with postage thereon fully prepaid to be placed in the U.S. mail at Woodland Hills, California.  I am "readily familiar" with the practice of this law firm for the collection and processing of documents for mailing with the United States Postal Service that the documents would be deposited with the United States Postal Service that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐      BY FACSIMILE TRANSMISSION.  I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein.  The facsimile machine used complies with Rule 2003 and no error was reported by the machine.  Pursuant to Rule 2008(e), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☐      BY FEDERAL EXPRESS.  I caused such envelope to be deposited at the Federal Express drop-off box at 6355 Topanga Cyn. Blvd, Woodland Hills, CA 91367 for guaranteed one/two day delivery with delivery charges prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for delivery by Federal Express delivery service.  Under that practice, it would be deposited with the delivery service on that same day with delivery charges thereon fully prepaid at Encino, California in the ordinary course of business for delivery to the addressee.

x      (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

☐      (State) I declare under penalty of perjury, under the laws of the State of California, that The foregoing is true and correct.

Executed on November 23, 2016 at Woodland Hills, California.

/s/_____

Jason Boyer

OPPOSITION OF DEFENDANT ALLIANCE SHIPPERS, INC. TO PELLE MOTION FOR SUMMARY JUDGMENT